**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **RAMON BARRIOS,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-1658-KC** |
| | § | |
| **WARDEN, EL PASO PROCESSING** | § | |
| **CENTER et al.,** | § | |
| | § | |
| **Respondent.** | § | |

## ORDER

On this day, the Court considered the case.  On June 18, 2026, the Court ordered Respondents to show cause why Barrios' Petition for a Writ of Habeas Corpus, ECF No. 1, should not be granted.  June 18, 2026, Order, ECF No. 4.  Barrios, a Cuban citizen, is subject to a 1998 final order of removal, and was recently re-detained by immigration authorities on May 6, 2026.  Pet. ¶¶ 41, 45, 51, 58.

Respondents now state that Barrios' detention is lawful because he is subject to a final order of removal which mandates detention for ninety days, his detention may be extended past the ninety-day removal period provided by statute, and he cannot show there is no likelihood of removal in the reasonably foreseeable future.  Resp. 3–7, ECF No. 6.  For his part, Barrios argues that the time he has been previously held in immigration custody should count towards the six-month presumptively reasonable detention period.  *See* Pet. ¶¶ 46–53.

Accordingly, the Court **ORDERS** that Barrios shall **FILE** a reply providing authority for the proposition that discontinuous periods of immigration detention may be aggregated to satisfy the six-month period of presumptively reasonable post-removal order detention, **by no later than July 6, 2026**.  He may also address any other issue raised in the Response.

2

**SO ORDERED**.

**SIGNED this 27th day of June, 2026.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE