IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| RAMON BARRIOS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CAUSE NO. EP-26-CV-1658-KC |
| | § | |
| WARDEN, EL PASO PROCESSING | § | |
| CENTER et al., | § | |
| | § | |
| Respondent. | § | |

## ORDER

On this day, the Court considered Ramon Barrios's Petition for a Writ of Habeas Corpus, ECF No. 1. Barrios is detained at the El Paso Service Processing Center. *Id.* ¶ 5.

Barrios, a Cuban citizen, is subject to a 1998 final order of removal, and was recently re-detained by immigration authorities on May 6, 2026, at his home. *Id.* ¶¶ 41, 45, 51, 58. In 2001, after serving a criminal sentence, he was detained by immigration authorities to effectuate his removal for "over 180 days." *Id.* ¶¶ 46–47. In 2003, he was again convicted of a crime and sentenced to ten years of incarceration. *Id.* ¶ 49. In 2014, after serving that sentence, immigration authorities reinstated his Order of Supervision. *Id.* ¶ 50. Barios argues that his detention is unlawful because he has been detained for longer than six months, if all of his periods of post-removal order immigration detention are aggregated, and that Respondents are unable to remove him from the country. *See id.* ¶¶ 46–53. He has now been detained for nearly three consecutive months, and he has been detained by immigration authorities for at least eight months in the aggregate since 2001.

On June 18, 2026, the Court ordered Respondents to show cause why Barrios' Petition for a Writ of Habeas Corpus, ECF No. 1, should not be granted. June 18, 2026, Order, ECF No.

4.  In their Response, ECF No. 6, Respondents argued that that Barrios' detention is lawful because he is subject to a final order of removal, his detention may be extended past the ninety-day removal period provided by statute, and he cannot show there is no likelihood of removal in the reasonably foreseeable future.  Resp. 3–7.  The Court then ordered Barrios to file a reply, *see* June 27, 2026, Order, ECF No. 7, which he did, *see* Reply, ECF No. 8.  The Court then ordered Respondents to file a status report addressing the basis for Barrios' detention, and their efforts to lawfully remove him.  July 19, 2026, Order, ECF No. 9.

Respondents now state that Barrios was re-detained to effectuate his removal.  *See* Resp. 1, ECF No. 10.  And on July 14, 2026, Cuba denied Barrios for repatriation.  *See id.* Ex. A ("Alaniz Decl.") ¶ 6, ECF No. 10-1.  Now, "ERO is working on nominating [him] for Mexico removal via CVNH."  *Id.* ¶¶ 7, 9.  Thus, the anticipated timeline for his removal "is currently unknown."  *Id.* ¶ 10.

A noncitizen who has been ordered removed may be detained to effectuate his removal only for "a period reasonably necessary" to effectuate their removal.  *Zadvydas v. Davis*, 533 U.S. 678, 689–90 (2001).  This period is presumptively six months.  *Id.* at 701.  After the presumptively reasonable period and once the noncitizen "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Government must rebut this showing or release the noncitizen.  *Id.*  A growing consensus of district courts have held that the 6-month threshold detention period "is cumulative and that periods of re-detention should be aggregated with the initial period of detention following the final removal order."  *See Avdulovic v. Tate*, No. 25-cv-5873, 2025 WL 4640735, at *1 n. 1 (S.D. Tex. Dec. 22, 2025) (collecting cases); *Garcia-Aleman v. Thompson*, No. 5:26-cv-886-OLG, 2025 WL 3534806, at *4 (W.D. Tex. Nov. 24, 2025), report and recommendation adopted, 2025

2

WL 3532179 (Dec. 9, 2025).  The Court finds these decisions persuasive and follows them, here. *See Le v. Bondi*, --- F. Supp. 3d ----, 2026 WL 1138362, at *3 (S.D. Tex. Apr. 21, 2026) (citing *Advulovic*, 2025 WL 4640735, at *1 n.1).

Here, Barrios was previously detained from June 5, 2001, to sometime in January 2002, which is about 210 days, or seven months, following the entry of his removal order.  *See* Pet. ¶¶ 46, 47.  Now, he has been detained since May 6, 2026, which is eighty-seven days, or about three months.  Therefore, Barrios has been detained for longer than the six month presumptively reasonable period set forth in *Zadvydas*, in the aggregate.  *See generally* Pet.; Alaniz Decl.

In terms of removal efforts, Respondents identified Mexico as an alternative country for removal but have been unable to remove him there so far.  *See generally* Alaniz Decl.  As Respondents have acknowledged in numerous habeas cases before this Court, Mexico does not accept third country nationals for removal when they do not consent to go there.  Thus, Barrios meets his burden of providing "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future."  *Zadvydas*, 533 U.S. at 689–90.  Respondents must rebut this showing by either demonstrating that Barrios's removal is likely in the reasonably foreseeable future or deporting him.

Respondents provide no anticipated timeline for removal and appear to have taken virtually no concrete steps to remove him since his re-detention in May, aside from receiving a denial of their repatriation request from Cuba.  *See generally* Alaniz Decl.; Arroyo Decl. ¶¶ 7– 10, ECF No. 6-2.  Therefore, Respondents have failed to carry their burden of proving that his removal is significantly likely in the reasonably foreseeable future.  *See Zadvydas*, 533 U.S. at 689–90; *see, e.g.*, *Trejo v. Warden of ERO El Paso East Montana*, --- F. Supp. 3d ----, 2025 WL 2992187, at *5–6 (W.D. Tex. Oct. 24, 2025).  Nevertheless, because Respondents aver that they

are "working on nominating [Barrios] for Mexico removal," the Court gives them a final opportunity to do so.

Accordingly, the Petition is **GRANTED IN PART**. *See id.* The Court **ORDERS** that, **on or before August 14, 2026**, Respondents shall either lawfully **REMOVE** Barrios from the United States or **RELEASE** Barrios from custody under reasonable conditions of supervision.

**IT IS FURTHER ORDERED** that, **on or before August 14, 2026**, Respondents shall **FILE** notice informing the Court whether Barrios has been removed from the country or released from custody in compliance with this Order.

**Barring exceptional circumstances, there will be no extensions of the August 14, 2026, deadlines**, unless they fall on a weekend or holiday, in which case, the deadlines are extended to the following business day.

**SO ORDERED**.

**SIGNED this 31st day of July, 2026.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

4